IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACQUES WALKER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-07-242 |
| | : | Criminal No. CCB-03-238 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## **MEMORANDUM**

Jacques Walker, a federal prison inmate, was convicted by a jury in November 2003 of being a felon in possession of a firearm; distribution and possession with intent to distribute marijuana; and possession of a firearm in furtherance of a drug trafficking crime.  On February 27, 2004, he was sentenced as a career offender under U.S.S.G. § 4B1.1 to 360 months incarceration, the low end of the applicable guideline range.  His conviction and sentence were affirmed by the Fourth Circuit in September 2005, 2005 WL 2333655, and certiorari was denied.  On January 26, 2007, he filed the present Motion to Vacate under 28 U.S.C. § 2255.

Walker's petition contends that trial counsel provided ineffective assistance.  To succeed on this claim, Walker must demonstrate both that counsel's performance was deficient and that the deficiency caused prejudice to Walker.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *U.S. v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004).  He has failed to do so.

First, Walker relies on allegations of wrongdoing by various members of the Baltimore City Police Southwestern District Flex Squad to assert that counsel was ineffective for not investigating these issues and using them to impeach the officers who testified at trial.  There is no indication that any allegations of bad conduct had arisen or should have come to counsel's attention as of November 2003, however, and the only specific allegation against any of the officers who testified in this case is that one was convicted of participating in an illegal poker

game after Walker's conviction. In short, there is no reason to believe counsel failed to investigate and cross-examine the officers competently or that Walker was prejudiced by any failure to uncover additional information concerning the Flex Squad.

Further, these allegations provide no basis to set aside the court's finding of probable cause and the subsequent denial of Walker's motion to suppress. This ruling was upheld by the Fourth Circuit, 2005 WL 2333655, and may not be relitigated. *U.S. v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Nor has Walker shown good cause for discovery concerning the Flex Squad. *Id.* at 403.

Finally, Walker claims counsel was ineffective for failing to challenge the constitutionality of his four prior qualifying convictions: (1) possession of cocaine with intent to distribute in 1988; (2) assault involving a shooting in 1989; (3) assault involving a shooting in 1993; and (4) conspiracy to distribute heroin in 1999. Any two of those four convictions were sufficient to qualify Walker for sentencing as a career offender under USSG § 4B1.1(c)(2).

Counsel, however, had no right to attack the constitutionality of at least the three prior convictions where Walker clearly was represented by counsel, *Custis v. U.S.,* 511 U.S. 485, 496 (1994) (enhancement under ACCA). In any event, Walker has shown no prejudice because he has not shown that any of the prior convictions were in fact invalid.

Accordingly, Walker's motion will be denied by separate Order.

  February 6, 2009  
      Date

              /s/  
      Catherine C. Blake  
      United States District Judge